UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

TERESA PRUETT, as administrator of the
ESTATE OF CURTIS GENE PRUETT,

                                    Plaintiff,

v.                                                          CASE NO. CIV-2012-947-HE

BOARD OF COUNTY COMMISSIONERS
OF CLEVELAND COUNTY, OKLAHOMA,

                                    Defendant.

## COMPLAINT

COMES NOW the Plaintiff, and for her cause of action against the Defendant, alleges and states as follows:

1.      The acts giving rise to this lawsuit occurred in Cleveland County, Oklahoma.

2.      Jurisdiction is conferred upon this Court pursuant to "Federal Question Jurisdiction" pursuant to 28 U.S.C. §1331, as Plaintiff seeks redress for deprivation of the decedent's rights under the Fourteenth Amendment to the Constitution of the United States, pursuant to 42 U.S.C. §1983.

3.      Plaintiff also alleges claims against Defendant pursuant to 12 O.S. §1053 and the Oklahoma Governmental Tort Claims Act, 51 O.S. §151 *et seq.*

## STATEMENT OF FACTUAL ALLEGATIONS

4.      At approximately 3:00 a.m. on October 15, 2011, decedent's motor vehicle became immobilized  within Cleveland County, Oklahoma.

5.      At the time, the decedent, who had a history of high blood pressure,  was suffering from shortness of breath and chest pains.

6.      The decedent then asked a nearby homeowner to call for emergency help.

7.      Shortly thereafter, unidentified law enforcement officers from the Cleveland County

Sheriff's office arrived.[1]  The decedent complained to the officers about his severe chest pains and informed them he suffers from high blood pressure and was in need of medical help.

8.      Rather than provide the decedent with medical attention or access to medical attention, the unidentified law enforcement officers, instead, ignored the decedent's request for emergency medical attention, but detained the decedent and transported him to Defendant's jail for suspicion of public intoxication.

9.      While in the custody of other employees of the Defendant, the decedent continued to complain of chest pain.

10.     Decedent also informed other employees of Defendant that he was suffering from high blood pressure and was taking medication therefor.

11.     Decedent was overweight at the time of his detention.

12.     Despite the obvious signs that decedent was suffering a heart attack, decedent's pleas for medical treatment were ignored.

13.     At approximately 7:00 a.m., nearly four hours after the decedent's initial request for help, the decedent died in Defendant's jail cell as a result of a heart attack.

14.     This is not the first time Defendant has ignored the need to provide medical attention to detainees in Defendant's county jail.  On or about September 17, 2009, Lacee Marez was taken into custody by employees of Defendant.  While in said Defendant's custody, Marez went into a coma, suffered a heart attack, and wound up in a vegetative state after previously complaining of physical distress and requesting medical treatment on numerous occasions.  Defendant's conduct in

---

[1]      Although Plaintiffs have requested the identity of employees of the Defendant included in the arrest and detention of the Defendant, pursuant to 51 O.S. §24A.1, to date, Defendant has refused to provide such information.

the handling of Ms. Marez, as well as the recent incident of releasing a detained individual suffering from depression in the street without his wallet or cell phone and resulting in the individual being lost for nearly a week without food or water, is but another example of Defendant's failure to provide detainees with adequate medical attention.

15.     At the time of his death, decedent was 36 years old, married to Plaintiff, and the father of two minor children.

16.     On November 14, 2011, Plaintiff was appointed Special Administrator for the Estate of the decedent.

17.     Pursuant to the Oklahoma Governmental Tort Claims Act, 51 O.S. §151 *et seq.*, Notice of Claim was submitted to Defendant on or about March 27, 2012.  Defendant has neither accepted nor rejected said claim within the 90-day time period following the date of submission.

18.     On March 27, 2012, Plaintiff also submitted an Open Records Act request to Defendant pursuant to 51 O.S. §24A.1, *et seq*.  Defendant has refused to produce records which reveal the identity of those involved in the detention and the failure to provide emergency medical care to the decedent, as well as the circumstances surrounding the decedent's death in the Defendant's jail facility.

### **FIRST CAUSE OF ACTION**

DEPRIVATION    OF    CONSTITUTIONALLY
PROTECTED RIGHTS BROUGHT PURSUANT TO
42 U.S.C. §1983

19.     By reference, Plaintiff adopts the previous paragraphs set forth herein.

20.     Defendant, by refusing to provide the decedent medical help and by refusing to transport the decedent to a hospital, demonstrated a deliberate indifference to Plaintiff's decedent

as a result of the failure to properly train Defendant's employees concerning potentially fatal health conditions such as what Plaintiff's decedent was suffering at the time of his detention by Defendant.

21.     Other instances of failing to provide medical treatment and proper protection of detainees indicate Defendant had a custom, practice or policy of not providing proper medical treatment to its detainees and thereby further evincing a deliberate indifference to the rights of detainees in violation of both the Fourteenth and Fourth Amendments to the United States Constitution.

22.     Defendant's refusal to provide decedent with medical treatment at the time he requested denotes deliberate indifference by Defendant.[2]

23.     Moreover, agents and employees of Defendant further failed to treat Plaintiff's decedent despite knowledge of symptoms that made it obvious that he was suffering from a serious medical condition.  Agents of Defendant therefore knew of and disregarded the substantial risk of serious harm to decedent's health while refusing to provide him with medical care or proper treatment.

24.     As a result of Defendant's violation of decedent's constitutionally protected rights, Plaintiff has suffered d  amages in excess of $75,000.

WHEREFORE, Plaintiff requests this Court grant judgment on Plaintiff's first cause of action against Defendant and for an award of costs and all other relief as this Court deems just and proper.

---

[2]     Because Defendant has refused to provide records pursuant to the Open Records Act, 51 O.S. §248.1, *et seq*., the identities of the employees of Defendant who refused to provide Plaintiff's decedent with medical treatment cannot, at this time, be identified.  Plaintiff therefore reserves the right to amend the Complaint and identify such individuals.

## SECOND CAUSE OF ACTION

### STATE-BASED TORT CLAIMS

25.     For Plaintiff's second cause of action, Plaintiff adopts the previous paragraphs set forth in this Complaint by reference.

26.     Defendant, by and through its employees acting within the course and scope of their employment, breached a duty to provide the decedent with medical care.

27.     Defendant negligently failed to provide Plaintiff's decedent with medical treatment.

28.     As a result of Defendant's breach of duty, Plaintiff's decedent suffered a wrongful death within the meaning of 12 O.S. §1053.

29.     As a result of such wrongful death, Plaintiff suffered damages in an amount in excess of $75,000.

WHEREFORE, Plaintiff requests this Court grant judgment in Plaintiff's favor and against Defendant on Plaintiff's second cause of action, and for an award of costs and all such other relief as this Court deems just and proper.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE OPEN RECORDS ACT

30.     Plaintiff adopts the previous paragraphs set forth in this Complaint by reference.

31.     Defendant's continued refusal to produce records to Plaintiff constitutes a violation of the Open Records Act and continues to secret the identifies of the individuals/employees of Defendant involved in the deprivation of the decedent's constitutionally protected rights.

32.     Plaintiff is therefore entitled to both damages and an order of the Court directing Defendant to provide the identities of all employees of Defendant who were involved in the decision

to refuse to provide the decedent with medical treatment.

       s/Peter A. Erdoes

Peter A. Erdoes, OBA #11298
21 East Main Street, Suite 101
Oklahoma City, Oklahoma 73104
(405) 232-3533  Phone
(405) 232-8330  Fax
e-mail: peter.erdoes@gte.net
ATTORNEY FOR PLAINTIFF

Kirby B. Evans, OBA #18182
P.O. Box 2323
Oklahoma City, Oklahoma 73101
(405) 239-4400 Telephone
(405) 239-2200 Telefax
e-mail: kirby@keytech.com
ATTORNEY FOR PLAINTIFF

JURY TRIAL REQUESTED

Y:\Firm\File 1448-001 Prsett v Cleveland Co\Complaint.wpd